O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| "J and R"/JOSEPH LIBA,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>    Defendant. | Case № 2:16-cv-03257-ODW (FFM)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE [10]** |

## I. INTRODUCTION AND BACKGROUND

On April 7, 2016 Plaintiff "J and R"/Joseph Liba (hereinafter "Liba") filed this action in the Los Angeles County Superior Court, Small Claims Division. (Not. of Removal, Ex. 1, Compl., ECF No. 1.) In his short form Complaint, he alleges that the United States Postal Service ("USPS") negligently lost a package belonging to him valued at $850. (*Id.*) Before Liba properly effectuated service under Federal Rule of Civil Procedure 4, on May 10, 2016, the Small Claims Court entered judgment against USPS. (USPS Mot. to Dismiss ("Mot.") 2, ECF No. 10.) Two days later, USPS removed this action pursuant to 28 U.S.C. § 1442(a). (Not. of Removal.) On June 20,

2016, USPS filed the instant Motion to Dismiss. (ECF No. 1.) Liba failed to timely oppose.[1]

After reviewing Liba's Complaint, it is clear that the suit against the United States Postal Service is barred by sovereign immunity. Thus, the Court lacks subject matter jurisdiction over the case at bar. Consequently, this action is **DISMISSED** with prejudice.

## II. LEGAL STANDARD

Among several arguments for dismissal, the Postal Service contends that this Court lacks jurisdiction over Liba's claims, pursuant to Federal Rule of Civil Procedure 12(b)(1). (Mot. 1.) In considering a motion to dismiss for lack of subject matter jurisdiction, the plaintiff, as the party seeking to invoke the Court's jurisdiction, always bears the burden of establishing subject matter jurisdiction. *See Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926). The court presumes a lack of subject matter jurisdiction until the plaintiff proves otherwise. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## III. DISCUSSION

Generally the United States has sovereign immunity from being sued, except where it consents to be sued. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). The United States' consent to suit defines the jurisdiction of the court to hear an action against the federal government. *Baker v. United States*, 817 F.2d 560, 562 (9th Cir.

---

[1] Local Civil Rule 7-9 requires a party opposing a motion to file an opposition or statement of non-opposition at least twenty-one days before the noticed hearing date.

1987).  Congress can, of course, waive sovereign immunity.  *See, e.g.*, *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *Blue v. Widnall*, 162 F.3d 541, 544 (9th Cir. 1998).  However, such a waiver "must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

Here, Liba seeks to sue the United States via one of its agencies, the Postal Service, for negligence. (Compl.)  The Postal Reorganization Act of 1970, 39 U.S.C. § 401(1), authorizes USPS to sue or be sued in its official name.  However, this provision does not constitute consent to *all* types of lawsuits.  Section 409(c) of Title 39 restricts tort claims to those which may be brought under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). *Loeffler v. Frank*, 486 U.S. 549, 557 n.4 (1988); *Ins. Co. of North Am. v. United States Postal Serv.*, 675 F.2d 756, 758 (5th Cir. 1982).  Moreover, in yet another caveat, the United States "retains sovereign immunity over claims 'arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.'" *Anderson v. U.S. Postal Serv.*, 761 F.2d 527, 528 (9th Cir. 1985) (quoting 28 U.S.C. § 2680(b)); *see also Abdul-Aleem v. U.S. Postal Serv.*, No. C 03-4006 JL, 2004 WL 422621, at *2 (N.D. Cal. Mar. 1, 2004).  This provision has been invoked to exclude claims based on delays in delivering a letter, delivering a letter to the wrong address, or the loss of a registered letter.  *See, e.g.*, *Rider v. United States Postal Serv.*, 862 F.2d 239 (9th Cir. 1988), cert. denied, 490 U.S. 1090 (1989) (claim based on the failure to deliver mail within the promised time barred); *Anderson*, 761 F.2d at 528 (plaintiff's claim for loss of stolen certified letters is barred by sovereign immunity).

The language of section 2680(b) of the Federal Tort Claims Act is clear: the United States is sovereignly immune from suit for claims arising out of lost mail.  Accordingly, this Court lacks subject matter jurisdiction over Liba's negligence action for injuries resulting from a lost package.

//

## IV.   CONCLUSION

With no avenues for this Court to exercise jurisdiction over this action, the Court **GRANTS** Defendant USPS's Motion to Dismiss **WITH PREJUDICE** and instructs the Clerk of Court to close this case..

**IT IS SO ORDERED.**

July 19, 2016

                                                                                  
_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**